Mr. Justice Johnson
delivered the opinion of the court:
The rejection of the bill by the grand jury, fprnishes a Strong presumption of the innocence of the accused, and a nolle prosequi is usually predicated on a conviction on the part of the prosecuting officer, that the evidence is insufficient to support the prosecution ; it is therefore usual, and I might add prima facie the right of the accused to be discharged in either case. It would be idle and oppressive to retain him in custody, when there existed no intention of pursuing him further, and more so, when there was no foundation for the prosecution. Such, however, is not the legal consequence of the rejection of the bill by the grand jurj1-, or the entry of a nolle prosequi ; neither put an end to the prosecution ; he may be indicted again for the same offence ; and Civilly in his Treatise On Criminal Law, (vol. 1, 325,) illustrates the rule with a case from Foster, very analogous to the present. There, a true bill was found against the accused for murder, and ®pon the developement of the facts, it amounted to petit *526 treason, and the court held that the crown might procure the indictment to be quashed, and prefer another for petit treason. The effect of a nolle prosequi is much the san e. It does not operate as an acquittal ; for the accused iray be afterwards indicted for the same offence, (l Ch,tly, 400.,) Formerly the judges exercised a discretion in discharging a prisoner acquitted on a trial before the p.etit jury of an atrocious crime, when, in his opinion, the verdict was against evidence ; and might compel him to find security for his good behaviour ; and although this practice is now exploded, even at this day when on a trial before the p'-'tit jury, the prisoner has been acquitted on account of such a defect in an indictment as will render it no bar tu a subsequent prosecution for the same offence, the court may, in its discretion, detain him in custody in order iO be indicted in such a way as to answer the ends of justice, (1 Chilly On Crirn. Law, 649.) It results that this prosecution was not at an end, and the accused might be again indicted; and without the power of retaining him to answer, the right to prosecute would be useless.
Hunt, for the motion.
Petigru, Att’y Gen. contra.
2nd. In cases not bailable as a matter of course, the power is to be exercised in the discretion of the court.— None can claim it de jure, (\ Chilly On Criminal Law, 98,) and if the power to bail be discretionary, it follows that the character and quantum of the bail is so also. '! he court might, in the exercise of this discretion, have refused to admit the accused to bail ; it might have bailed him on his own recognizance; hut this court is satisfied that the power was, in this case, discreetly exercised in requiring the accused to find security for his appearance to answer this charge. The motion is therefore refused.
Justices Huger, Noll, Gantt and Richardson, concurred.